ALICE HUNTINGTON, Respondent, v. EMELINE ASHER, Appellant.

*Easement — a privilege to take ice from a pond is not an easement — when such right does not pass by a conveyance of adjacent land.*

One Hogan, the owner of the land covered by a mill pond and of an adjoining lot of about one-half acre, conveyed the latter to one Asher; and, also, "as incident to the conveyance" granted and conveyed to him, his heirs and assigns, " the exclusive right to take ice from the pond of the party of the first part, with the right and privilege of access for that purpose to and from the pond to the ice-house to be erected on the lot" conveyed. Asher in consideration of the grant covenanted for himself, his heirs and assigns, to furnish to Hogan and to the purchasers of the pond and mill privileges all the ice required for their family use as long as they continued to reside in the village.

Thereafter Asher conveyed the lot to the defendant, "together with all and singular the hereditaments and appurtenances thereto belonging or in anywise appertaining."

*Held,* that the right to take ice from the pond was not an easement annexed to the lot, and did not pass to the defendant by the conveyance from Asher.

Appeal from a judgment in favor of the plaintiff, entered on a trial before the court without a jury.

The action was brought to recover damages for entering upon the plaintiff's lands, and to enjoin the defendant from entering and restoring a dam and taking ice therefrom.

On the 3d November, 1869, James Hogan was the owner of certain premises embracing those covered by a pond, formed by a mill dam, and an adjoining lot of about one-half acre. On that day he conveyed the adjoining lot to J. Howard Asher for the consideration of $1,000. The deed contained this clause: "And the party of the first part, as incident to this conveyance, also grants and conveys to the party of the second part, his heirs and assigns, the exclusive right to take ice from the pond of the party of the first part, with the right and privilege of access for that purpose to and from the pond to the ice-house to be erected on the lot hereby conveyed.

"In consideration of which said grant as aforesaid the party of the second part hereby covenants and agrees for himself and his heirs and assigns to furnish and deliver to the party of the first part (so long as he shall continue to occupy his present residence) free of

charge all the ice which he shall require for his own family use, and also to furnish and deliver to the purchaser or purchasers of the pond and mill privileges, and their heirs and assigns free of charge, all the ice which they shall require for their own family use so long as they continue to reside in the village of Rhinebeck."

Asher erected an ice-house on his lot and the ice business has since then been carried on from the premises by him and his grantee.

On the 2d February, 1878, J. Howard Asher conveyed the lot conveyed to him by Hogan, to the defendant, "together with all and singular the hereditaments and appurtenances thereto belonging or in anywise appertaining."

On February 22, 1870, Hogan conveyed the mill pond premises to William Kelly by deed containing this clause: "This conveyance, however, is subject to the right heretofore conveyed to J. Howard Asher of taking ice from the pond as contained in his deed of November 3, 1869." Kelly conveyed the same premises on February 22, 1871, to Marie E. Ford by deed containing the same clause as above and Ford conveyed them to the plaintiff by a deed of January 1, 1875, containing the same clause.

The dam was torn down about 1872 by the then owner, Ford. In the fall of 1879 the plaintiff denied the defendant's right to take ice and demanded $150 or $200 a year for the privilege, and the defendant claimed her right under the deed and refused to pay.

The court held that it was not the effect of the deed from Hogan to Asher, that Hogan and his successors in title should be bound to keep up the dam; that the plaintiff was not bound to keep up the dam, and that the defendant had no right to enter plaintiff's lands to put up a dam either permanent or temporary, or take ice therefrom; that the plaintiff recover one dollar damages and defendant be restrained from entering on or putting up a dam on the plaintiff's lands.

*Henry M. Taylor*, for the appellant.

*O. D. M. Baker*, for the respondent.

GILBERT, J.:

It is a familiar rule that the owner of a dominant estate to which an easement in another's land has been annexed, has a right to enter

upon the servient estate and make necessary repairs, and to remove such obstacles as interfere with the beneficial enjoyment of the easement. We are of opinion, however, 1. That the right granted to the defendant's grantor was not such an easement, and, 2. That such right was not transferred to the defendant by the conveyance under which she claims; in other words, that it is not a right which is appurtenant to her estate. A right by which one person is entitled to remove and appropriate for his own use anything growing in or attached to or subsisting upon the land of another, for the purpose of the profit to be gained from the property thereby acquired in the thing removed, has always been considered in law a different species of right from an easement. Such right is a privilege, and so is an easement. But the latter is a privilege without profit, and is merely accessorial to the rights of property in land, while the former is the reverse. If granted to one in gross, it is so far of the character of an estate or interest in the land itself, that it is treated as such. (Per Ch. Walworth, *Post* v. *Pearsall*, 22 Wend., 425; God. on Easement, 5 *et seq.*, 11; Washburn on Easement, 11 *et seq.*, 312, 521, 528.) It may be created by grant and held in fee for life or for years. Whereas an easement proper in gross cannot be created by grant so as to be assignable or inheritable. (*Ackroyd* v. *Smith*, 10 C. B., 164, 187; *Post* v. *Pearsall*, *supra*; *Tinicum Fishing Co.* v. *Carter*, 61 Penn. State, 38.)

The grant in this case is of "the exclusive right to take ice from the pond" of the grantor. Such a right is in no way connected with the beneficial enjoyment of the one-half acre of land granted by the same conveyance. The effect of that conveyance would have been the same if the grant of the privilege had been made by a person other than the grantor, or if the grant of the privilege had been one to take ice from Rockland lake. The conveyance to the plaintiff merely transferred to her the one-half acre of land, with the appurtenances thereof. It contains no grant of the privilege in question.

The judgment must therefore be affirmed, with costs.

DYKMAN, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.